GREAT NORTHERN RY. CO. et al. v. BOARD OF RAILROAD COM'RS OF STATE OF NORTH DAKOTA et al.

District Court, D. North Dakota, S. W. D. July 8, 1929.

D. F. Lyons and F. J. Gehan, both of St. Paul, Minn., J. N. Davis, of Chicago, Ill., A. H. Lossow, of Minneapolis, Minn., Lawrence, Murphy & Nilles, of Fargo, N. D., and F. G. Dorety and R. J. Hagman, both of St. Paul, Minn., for plaintiffs.

James Morris, Atty. Gen., of North Dakota, for defendants.

Before GARDNER, Circuit Judge, and MILLER and SANBORN, District Judges.

PER CURIAM. This cause was heard on the 2d day of July, 1929, at St. Paul, Minn., with the consent of all parties, upon an application by the plaintiffs duly made to a court of three judges, constituted under section 266, Judicial Code (28 USCA § 380), for an interlocutory injunction against the defendants, restraining them from putting into effect an order of the board of railroad commissioners of the state of North Dakota of May 8, 1929.

The order of the board, of which complaint is made, provides for a scale of class rates on certain classes of freight between jobbing points within the state of North Dakota which are approximately 10 per cent. lower than the rates now in effect.

The plaintiffs, railroads engaged in intrastate commerce in and interstate commerce into the state of North Dakota, contend that the order of May 8, 1929, seeks to put into effect rates which are unlawful because unduly discriminatory against interstate commerce and in violation of section 13 of the Interstate Commerce Act (49 USCA § 13); that there has been in the state of North Dakota for many years an established and recognized relationship between interstate and intrastate class rates; that the Interstate Commerce Commission in 1920, when there was a general increase in interstate rates, required that intrastate rates in North Dakota be proportionally raised; that when the interstate rates in 1922 were reduced 10 per cent., the intrastate rates were also similarly reduced; that the interstate rates have not since been lowered, but, where changes have been made, have been increased, so that to-day intrastate rates are generally more favorable in comparison with interstate rates than heretofore; that since 1925 there has been pending before the Interstate Commerce Commission an investigation known as "Rate Structure Investigation, Docket 17,000," in which the question of the relationship in North Dakota of interstate to intrastate rates is being considered and will be determined, and in which proceeding the state board has participated; that, in addition, the plaintiffs have, since May 8, 1929, commenced another proceeding raising the question of the validity of the intrastate rates fixed by the order of May 8th; that, if that order becomes effective, the carriers will be forced to put into effect rates that are unlawful, or, upon their failure so to do, be subjected to the penalties provided by the laws of the state for failure to comply with the order; that if they do comply with it, and if it shall eventually be determined to be unlawful, they will have lost substantial revenues and they and the public will have suffered those disadvantages which follow from a situation where intrastate rates are unduly out of line with interstate rates.

The defendants contend that the showing made by the plaintiffs is not sufficient to justify the issuance of the injunction prayed for; that the presumption is that the intrastate rates fixed by the board are not unduly out of line with interstate rates; that there will be no irreparable loss or damage even if it should be held that the class rates fixed by the order of May 8th are violative of section 13 of the Interstate Commerce Act; that there is not now and has not been for some years any fixed relationship between the interstate and intrastate rates; and that this court should not interfere with the order of the North Dakota board made after a full hearing and due deliberation, or require those affected by it to wait for relief until the Interstate Commerce Commission files a decision in docket No. 17,000 or otherwise determines the validity of the intrastate rates sought to be established.

The position of the defendants is not unreasonable. It is evident, from the recitals in the order of the state board, that the length of time consumed by the Interstate Commerce Commission in reaching a decision in docket No. 17,000 has, in the opinion of the state board, resulted in a denial of justice with respect to the rates in question, and that jobbers at certain jobbing points in the state are believed to be unduly prejudiced because of alleged disparity between intrastate class rates and interstate class rates from outside jobbing points, and that it was in an endeavor to do away with the discrimination believed to exist that the order of May 8th was made. It is conceded—as, of course, it must be—that this court has no power to determine the question as to whether the rates fixed by the order of May 8th do or do not discriminate against interstate commerce, or whether they do or do not create an undue disparity between intrastate and interstate rates. That question is before the Interstate Commerce Commission and it alone has jurisdiction to determine it. It may find that the state board was well within its rights in doing what was done, or it may find to the contrary. We think, however, in view of the pendency of docket No. 17,000, that the orderly and logical way to have the question finally settled is to permit the Interstate Commerce Commission to complete that investigation and file its decision before there shall be an attempt to adjust intrastate class

rates even to the extent attempted by the order of May 8th. Such rates, if they prove temporary merely—as the plaintiffs contend they will—will only briefly afford the relief sought and may ultimately prove more of a disadvantage than otherwise to those for whose benefit they are intended, while at the same time they may cause a substantial loss to the carriers and an undue burden upon interstate commerce. On the other hand, if the rates are lawful—as the defendants claim—and are enjoined, their effectiveness cannot long be postponed in any event, and, to a considerable extent, the injury done by staying their effectiveness can be mitigated by requiring the railroads to make reparation in case it is found that they do not encroach upon interstate commerce and that the state board was within its rights in fixing them.

We do not pass upon the question as to whether the mere fact that a controversy exists between a carrier and a state rate-making body, as to the validity of an intrastate rate alleged to discriminate against interstate commerce, justifies an injunction such as prayed for here, or whether a carrier may, by commencing a proceeding before the Interstate Commerce Commission to test the validity of an intrastate rate under section 13 of the Interstate Commerce Act, after an order has been made by a state commission fixing such rate, properly call for injunctive relief. Our opinion is, however, that, under the circumstances of this case, this court can and should, for the purpose of preserving the status quo until such time as the Interstate Commerce Commission may complete its investigation and file its decision in docket No. 17,000, grant an interlocutory injunction restraining the defendants from putting into effect the order of May 8, 1929, upon the plaintiffs' furnishing a bond in the sum of $150,000—to be approved by any one of the Judges who sat at this hearing—conditioned that if it shall be determined that the rates fixed by the order of May 8th were lawful rates, they will make refunds of the difference between what intrastate shippers have been required to pay and what they would have paid if an injunction had not been granted.

If, for any reason, the Interstate Commerce Commission should fail or refuse to decide whether the rates fixed by the order of May 8, 1929, are violative of section 13 of the Interstate Commerce Act, or to make findings or reach a decision from which that question may be fairly determined, or shall hereafter unreasonably delay determination of that question, the defendants may move for a vacation of the injunction.

An order may be drawn granting the application for an interlocutory injunction, in accordance with section 383, Title 28, U. S. C. (28 USCA § 383), to be effective upon the filing of the bond herein provided for.