## INTERSTATE COMMERCE COMMISSION v. NORTHERN PAC. RY. CO. et al.

### No. 5072.

Court of Appeals of District of Columbia.

Argued Feb. 3, 1930.

Decided March 3, 1930.

Daniel W. Knowlton and Nelson Thomas, both of Washington, D. C., for appellant.

W. W. Millan and R. E. L. Smith, both of Washington, D. C., and R. J. Hagman, of St. Paul, Minn., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice.

An appeal from a final order of the lower court granting a peremptory writ of mandamus requiring the Interstate Commerce Commission to take jurisdiction and hear and determine a certain controversy concerning railroad freight rates.

The petitioners below, now the appellees, are four railway companies, all common carriers of freight, including petroleum and petroleum products, both intrastate between points within the state of Montana, and interstate between such points and points in other states and foreign countries, and are all subject to the provisions of the Interstate Commerce Act (49 USCA § 1 et seq.).

The record discloses that on March 19, 1929, the board of railroad commissioners of the state of Montana, in a proceeding pending before it, entered an order directing the carriers to reduce very substantially certain freight rates on petroleum and petroleum products shipped between points within the state of Montana. Such reductions were to become effective on April 17, 1929.

The carriers objected to these orders, claiming that the reductions would cause unjust discrimination against interstate commerce, in violation of section 13 of the Interstate Commerce Act (49 USCA § 13). Whereupon, on April 15, 1929, the carriers filed a complaint with the Interstate Commerce Commission setting forth the aforesaid issue with detailed showings of rates, etc., in support of their complaint, and prayed the Commission to investigate the matters in question and enter an order declaring the reduced intrastate rates to be discriminatory, and to terminate and prohibit the same. Concurrently with the filing of this petition the carriers commenced a suit in the United States District Court for the District of Montana, against the board of railroad commissioners of the state of Montana, and the Attorney General of that state, setting out the facts aforesaid, and complaining that the order of the board was violative of section 13 of the Interstate Commerce Act, and alleging that petitioners would suffer irreparable injury by the enforcement of the order during the interval of time which would elapse between the date when the order was to become effective and the time when the issue could be heard and determined by the Interstate Commerce Commission, and praying for a temporary restraining order prohibiting the enforcement of the rate order until an application for an interlocutory injunction could be heard by three justices under section 380, tit. 28, USCA. A temporary restraining order was accordingly granted by the District Court, the carriers being required first to file an undertaking with sureties for the repayment to shippers of any excess freight collected from them in case the rate order should finally be sustained. Afterwards a decree was entered in the case by a single judge of the District Court purporting to dismiss the bill of complaint therein filed. The carriers then applied to the Supreme Court of the United States for a writ of mandamus to set aside this decree. In Ex parte Northern Pacific

Railway Company et al., 280 U. S. 142, 50 S. Ct. 70, 74 L. Ed. ——, the Supreme Court held that the decree entered by the single District Judge as aforesaid was void, and directed the respondent "to take immediate steps for assembling a court of three judges to hear and determine the application for an interlocutory injunction conformably to section 380." This decision was handed down on December 2, 1929, and the record does not disclose whether such a court has yet been assembled.

On June 10, 1929, the Interstate Commerce Commission refused, and yet refuses, to take jurisdiction to hear and determine the issues presented by the petition which the carriers had filed with the Commission upon the ground that the rate order in question had not yet gone into effect owing to the granting of the temporary restraining order, and consequently that the Commission had no jurisdiction to consider the petition or enter upon the investigation prayed for therein. The present case was then brought by the carriers in the Supreme Court of the District of Columbia against the Interstate Commerce Commission for a writ of mandamus to compel the Commission to enter upon an investigation of the issue and determine the same, as required by section 13 of the Interstate Commerce Act (49 USCA § 13). The contention of the Commission as aforesaid was overruled by the court, and a peremptory writ of mandamus was issued commanding the Commission "to take jurisdiction of the petition as properly before it under the statute." The present appeal was then taken.

We agree with the ruling of the lower court. Under paragraph (3) of section 13 of the Interstate Commerce Act the carriers are authorized to invoke an investigation by the Commission bringing into issue any intrastate rate made or imposed by authority of any state; and under paragraph (4) of the same section the Commission, if it finds that such rate causes any unjust discrimination against interstate commerce, which is forbidden and declared to be unlawful, shall prescribe the rate thereafter to be observed in such manner as, in its judgment, will remove such discrimination. Title 49 USCA.

The rate now in question was "made" and "imposed" by the state of Montana, and became effective by its express terms on April 17, 1929. It has not been recalled or modified, and may be considered as a final order of the state upon the subject. The Interstate Commerce Commission accordingly possesses the only statutory authority to modify it, and the allegations of the carriers' petition are sufficient to require the Commission to assume jurisdiction under the statutes. The temporary restraining order granted by the District Court did not annul the order of the Montana commission nor affect the validity thereof, nor deprive the Interstate Commerce Commission of jurisdiction over it. The restraining order did no more than preserve the status quo until a hearing could be had by the court of three judges to determine whether an interlocutory injunction should be granted. Such an injunction, moreover, would restrain the enforcement of the order until the Interstate Commerce Commission could investigate and decide concerning the issue. If the Commission should then find against the claims of the carriers, the latter by the terms of their bonds would be compelled to refund to shippers the difference between the intrastate rates actually collected and the reduced intrastate rates ordered by the Montana commission, and in such case the refunds would begin with April 17, 1929, the effective date of the Montana commission's order. Great Northern Ry. Co. v. Board of Railroad Com'rs of the State of North Dakota (D. C.) 33 F.(2d) 934.

This conclusion is sustained by the opinion of the Supreme Court in Ex parte Northern Pacific Railway Company et al., supra, wherein it is stated that the suit brought by the carriers in the United States District Court for a temporary restraining order and an interlocutory injunction "was within the terms and spirit of section 380, Title 28, of the United States Code," with directions that immediate steps be taken for assembling a court of three judges "to hear and determine the application for an interlocutory injunction conformably to section 380."

This decision certainly implies that the court of three judges so to be assembled may enter a valid interlocutory injunction restraining the enforcement of the Montana commission's order until the Interstate Commerce Commission shall pass upon the matter. It cannot be assumed that such an interlocutory injunction would have the effect of depriving the Commission of jurisdiction to hear and determine the identical issue upon the decision of which the continuance of the interlocutory injunction is made to depend.

We are of the opinion, therefore, that the Commission should take jurisdiction of the carriers' petition, and the order of the lower court to that effect is affirmed.