**John APPLEGATE and John Keefe, Plaintiffs,**

v.

**WATERFRONT COMMISSION OF NEW YORK HARBOR, Defendant.**

United States District Court
S. D. New York.
May 6, 1960.

Henry A. Lowenberg, New York City, for plaintiffs.

William P. Sirignano, New York City (Irving Malchman and Leon D. Schneider, New York City, of counsel), for defendant.

RYAN, District Judge.

Plaintiffs have filed this suit for a judgment declaring the Waterfront Commission Act, Laws N.Y.1953, c. 882, McK.Unconsol.Laws, § 6700–aa et seq., unconstitutional and superseded by the Labor Management Reporting and Disclosure Act of 1959, and permanently restraining the Waterfront Commission of New York Harbor, from holding any hearing on the subpoenas heretofore served upon plaintiffs and from exercising all subpoena power. They now move to enjoin the enforcement of two subpoenas served upon them by the Commission pending final determination.

The Commission, challenging the jurisdiction of the Court over the subject matter, has moved to dismiss the complaint. We have concluded that the complaint must be dismissed; plaintiff's motion necessarily falls.

Section 8 of the Act prohibits any person from collecting funds or contributions from employees on behalf of a Union, any one of whose officers or agents is a convicted felon. The legality

of this section is now challenged, as it was in Linehan v. Waterfront Commission, D.C., 116 F.Supp. 401, where Judge Weinfeld dismissed for failure on the part of plaintiff to assert a basis for equitable intervention by this Court. The other vague specifications of plaintiff directed to the legality of the Act are so devoid of merit as to require no discussion.

Specifically, plaintiffs contend that Section 8 is unconstitutional in that it enlarges the political power of the State; that it deprives a Union of its right to property in the form of dues; that it imposes upon a prospective violator an unreasonable burden of inquiring into the background of the Union officers and agents; and that it is inconsistent with Section 504(a) of the Labor Act, which evidences a clear intent on the part of Congress to preempt this field. Plaintiffs also pray for the convention of a statutory court to determine the constitutionality of the Waterfront Commission Act.

We hold that, where the complaint is insufficient as a matter of law, this Court sitting alone has power to dismiss. Linehan v. Waterfront Commission, supra; Bradley v. Waterfront Commission, D.C., 130 F.Supp. 303; O'Rourke v. Waterfront Commission, D. C., 118 F.Supp. 236; and Bell v. Waterfront Commission, D.C., 183 F.Supp. 175 (Dimock, J.).

In their complaint, plaintiffs allege that each has a record of conviction had many years ago and that, under the provisions of the new Labor Act, each is eligible and qualified to hold Union office, and that is about all they allege in the complaint concerning themselves. A reading of the complaint and of their own and their counsel's affidavits submitted on this motion, shows they are total strangers to the Union, to the employers and to all on whose behalf they attempt to raise questions of constitutionality. In fact, they do not even allege that they are "officers or agents" of a Union whose tenure is in imminent danger; or that they were ousted from office; or that they have attempted to become officers or agents, and have been so precluded by enforcement of the provisions of Section 8. It affirmatively appears from defendant's supporting affidavit that plaintiffs were formerly officers of Local 824 and that they now hold positions of "clerk" at relatively large salaries. It is not unreasonable to conclude that they are closely associated with Union affairs, and that for reasons best known to them they have purposely refrained from revealing their status in this suit and, more particularly, on this motion. But even reading this information into the complaint, there is a total absence of showing of great and immediate danger of irreparable injury necessary for this Court's intervention in a purely local affair. Certainly, the issuance of the subpoenas in question is no such danger, and in any event, assuming the subpoenas oppressive (which they are not), relief may be sought and secured in the state court. Barone v. Waterfront Commission, Sup. N.Y.Co., 18 Misc.2d 1066, 187 N.Y.S.2d 617. Moreover, even if Section 8 were to be held unconstitutional (De Veau v. Braisted, 5 N.Y.2d 236, 183 N.Y.S.2d 793, Id., 80 S.Ct. 1146), the Commission's power in conducting its investigations to issue and enforce subpoenas under other Sections would not be affected. (Bell v. The Commission, 2nd Cir., 4/25/60 [1]).

Finally, assuming plaintiffs' standing to question the validity of the Act on the theory that it has been preempted by the new Labor Act, we are in full accord with Judge Dimock's holding in the Bell case that Congress had no such intent and that the Labor Act no such effect on the Waterfront Commission Act. Also with Judge Friendly, we do not believe that by its enactment Congress intended to "withdraw investigatory powers from a bi-state agency created to deal with a specific local evil by an interstate Compact which Congress had approved." (Bell, p. 1484, 2nd Cir., 4/25/60).

The motion to dismiss the complaint is granted.

So ordered.

[1]. Since the writing of this decision the appeal in the Bell case has been decided (Bell v. Waterfront Commission, 2 Cir., 279 F.2d 853, June 10, 1960) affirming the dismissal of the complaints on the authority of De Veau v. Braisted, decided by the Supreme Court on June 6, 1960, 363 U.S. 144, 80 S.Ct. 1146, 4 L. Ed.2d 1109, which upheld the constitutionality of Section 8.