279 F.2d 853
 Henry F. BELL, as President of Local 1804 International
Longshoremen's Association (AFL-CIO) and in behalf
of the members of Local 1804, Plaintiff-Appellant,
v.
WATERFRONT COMMISSION OF NEW YORK HARBOR, Defendant-Appellee.
Henry F. BELL, as President of Local 1804-1 International
Longshoremen's Association (AFL-CIO) and in behalf
of the members of Local 1804-1,
Plaintiff-Appellant,
v.
WATERFRONT COMMISSION OF NEW YORK HARBOR, Defendant-Appellee.
 Nos. 359-360, Dockets 26246, 26247.
 United States Court of Appeals Second Circuit.
 Argued May 13, 1960.
Decided June 10, 1960.
 
 Gilbert S. Rosenthal, New York City, for appellant.
 Irving Malchman, New York City (Leon D. Schneider, Asst. Counsel, William P. Sirignano, Gen. Counsel, Waterfront Comm. of N.Y. Harbor, New York City, on the brief), for appellee.
 Before CLARK, MOORE and FRIENDLY, Circuit Judges.
 FRIENDLY, Circuit Judge.
 
 
 1
 These appeals are in two actions brought in the Southern District of New York against the Waterfront Commission of New York Harbor, by Henry F. Bell, one as President and in behalf of the members of Local 1804, International Longshoremen's Association, and the other as President and in behalf of the members of Local 1804-1, International Longshoremen's Association. The complaints sought injunctions against subpoenas duces tecum issued by the Commission requiring Bell to appear as a witness and testify in an investigation being conducted pursuant to Article IV of the Waterfront Commission Compact concerning waterfront practices and conditions generally within the Port of New York District, and to produce the basic financial records, social security reports and minutes of the respective locals from January 1, 1956 to date. The purpose and general nature of the Compact between New York and New Jersey creating the Waterfront Commission of New York Harbor, New York Laws 1953, Chap. 882, McKinney's Unconsol.Laws N.Y. 6700-aa et seq., New Jersey Laws 1953, cc. 202 and 203, N.J.S.A. 32:23-1 et seq., approved by Congress in the Act of August 12, 1953, ch. 407, 67 Stat. 541, have been described in Linehan v. Waterfront Commission, D.C.S.D.N.Y.1953, 116 F.Supp. 683, and Staten Island Loaders, Inc. v. Waterfront Commission, D.C.S.D.N.Y.1953, 117 F.Supp. 308, both affirmed 1954, 347 U.S. 439, 74 S.Ct. 623, 98 L.Ed. 826, and in DeVeau v. Braisted, 1960, 80 S.Ct. 1146. Here we need refer only to the provisions of Article IV of 1 of Part I which empower the Commission:
 
 
 2
 '8. By its members and its properly designated officers, agents and employees, to administer oaths and issue subpoenas throughout both states to compel the attendance of witnesses and the giving of testimony and the production of other evidence;'
 
 
 3
 '11. To make investigations, collect and compile information concerning waterfront practices generally within the port of New York district and upon all matters relating to the accomplishment of the objective of this compact;'
 
 
 4
 '13. To make annual and other reports to the governors and legislatures of both states containing recommendations for the improvement of the conditions of waterfront labor within the port of New York district for the alleviation of the evils described in article I and for the effectuation of the purposes of this compact. Such annual reports shall state the commission's finding and determination as to whether the public necessity still exists for (a) the continued registration of longshoremen, (b) the continued licensing of any occupation or employment required to be licensed hereunder and (c) the continued public operation of the employment information centers provided for in article XII;'
 
 
 5
 In answer to the requests for injunctions respondent submitted the affidavit of its general counsel. This set forth that a prime purpose of the investigation was to determine whether the two locals, one of which, Local 1804, operating in Manhattan and New Jersey, avowedly does not include persons required to be registered or licensed by the Commission and the other of which, Local 1804-1, admittedly does, and two similar locals in Brooklyn and Staten Island, Locals 1277 and 1277-1, are in reality the same, so that the alleged disqualification of Bell under 8 of Part III of the Waterfront Commission Act, the constitutionality of which was then sub judice in DeVeau v. Braisted, supra, for having been convicted of impersonating a police officer, would affect both Local 1804 and Local 1804-1 and the alleged disqualification of a vice president of Local 1277 for negligent homicide and robbery would affect Local 1277-1. The affidavit asserted also that the Commission had been engaged in an investigation 'to determine the extent of criminal influence in the affairs of the International Longshoremen's Association and its affiliated locals' and wished 'to gather all the relevant facts concerning these locals so that the Waterfront Commission might properly determine from the facts obtained whether any legislative recommendations should be made by the Commission' as contemplated by paragraphs 11 and 13 of Article, IV, Part I of the Compact.
 
 
 6
 Although the complaints attacked the subpoenas on a multitude of grounds, these can be divided into two general categories. The first category attacked the Waterfront Commission Compact and the action of Congress in approving it as violating the commerce clause of the Constitution, Article I, 8, by unconstitutional delegation to New York and New Jersey of powers reserved to the Congress, and the due process clause of the Fourteenth Amendment; we shall sometimes refer to this category as the constitutional claims. The second category challenged the Waterfront Commission Act, or certain portions of it, and the subpoenas, as invading a field occupied by the National Labor Relations Act, as amended, 29 U.S.C.A. 141-167 and the Labor-Management Reporting and Disclosure Act of 1959, 73 Stat. 519, 29 U.S.C.A. 401-531; we shall sometimes call this category the preemption claims.
 
 
 7
 Judge Dimock held that the first category raised questions which, if substantial, could be determined only by a district court of three judges as provided in 28 U.S.C. 2281 and that he was without jurisdiction in the absence of an application by the plaintiff for such a court; he added, however, that if plaintiff had so applied, he would have denied the application on the ground that the constitutional questions were not substantial. He held that the preemption claims did not require adjudication by a three-judge court and ruled adversely to plaintiff on the merits. Accordingly he denied the applications for injunctions and granted judgment dismissing the complaints, save for permitting these to stand undetermined insofar as they related to the production of social security reports; since the Waterfront Commission has withdrawn its request for these, this aspect of the case has become moot. This Court granted a stay pending an expedited appeal.
 
 
 8
 When the case was argued before us, it appeared to present at least two serious questions on the merits, namely, whether 8 of the Part III of the Waterfront Commission Act could stand consistently with 504(a) of the Labor-Management Reporting and Disclosure Act of 1959, 73 Stat. 519, and, if not, whether the subpoenas were sustainable nevertheless, as well as a number of questions as to the three-judge court requirement of 28 U.S.C. 2281 and 2284, both as this relates to the jurisdiction of a single district judge to enter the judgments under appeal and as it concerns our jurisdiction to review them, 28 U.S.C. 1291, 1292(a)(1) and 1253. The questions on the merits have now been almost wholly removed by the Supreme Court's decision in DeVeau v. Braisted, sustaining 8 of Part III on all the grounds on which it is here attacked. However, we believe it will be useful to discuss the jurisdictional questions since attackes on the Waterfront Commission Act continue, e.g. Applegate v. Waterfront Commission, D.C., 184 F.Supp. 33, stay denied June 8, 1960, and similar questions arise in other cases in this Circuit.
 
 
 9
 I. The Constitutional Claims.
 
 
 10
 28 U.S.C. 2281 provides that an injunction 'restraining the enforcement, operation or execution of any State statute by restraining the action of any officer of such State in the enforcement or execution of such statute or of an order made by an administrative board or commission acting under State statutes, shall not be granted by any district court or judge thereof upon the ground of the unconstitutionality of such statute unless the application therefor is heard and determined by a district court of three judges under section 2284 of this title.' The Linehan and Staten Island Loaders cases, supra, as well as O'Rourke v. Waterfront Commission, D.C.S.D.N.Y.1954, 1954, 118 F.Supp. 236, Bradley v. Waterfront Commission, D.C.S.D.N.Y.1955, 130 F.Supp. 303, and Wreiole v. Waterfront Commission, D.C.S.D.N.Y.1955, 132 F.Supp. 166, have assumed that an action to enjoin the Waterfront Commission Acts of New York and New Jersey as conflicting with the Federal Constitution is within 2281. We follow that although we should not have thought it clear beyond argument, as an original question, either that a member or employee of the Waterfront Commission is 'any officer of such State'[1] or that the Commission is engaged in enforcing 'a statute of general application,' Ex parte Collins, 1928, 277 U.S. 565, 568, 48 S.Ct. 585, 586, 72 L.Ed. 990, or 'of statewide concern,' Rorick v. Board of Commissioners, 1939, 307 U.S. 208, 212, 59 S.Ct. 808, 811, 83 L.Ed. 1242, to which alone 2281 applies.
 
 
 11
 If, in fact, the complaints had set forth a substantial claim of 'unconstitutionality' as used in 2281, requiring adjudication by a court of three judges, the district judge would not have been warranted in dismissing simply because plaintiff had not applied for such a court. Section 2284 directs that in any action 'required by Act of Congress' to be so heard and determined, the district judge 'on the filing of the application' shall immediately notify the chief judge of the circuit who shall then designate two other judges to serve as members of the court. The 'application' referred to is 'the application for injunction or other relief' described in the preceding sentence of 2284(1), not an application for the convening of a court of three judges. This construction finds support in the statement of the Eighth Circuit that 'there is no requirement in 2284 that the applicant for the injunction must determine the need for a three-judge court and make request therefor' and 'that the district judge to whom an application for an injunction is presented must exercise the responsibility not only of determining whether it is in fact a three-judge case or a single-judge matter but also of taking the necessary action on this basis for enabling the case to be disposed of on its merits.' Aaron v. Cooper, 8 Cir., 1958, 261 F.2d 97, 105.[2]
 
 
 12
 We turn therefore to the alternate ground assigned by the district judge, namely, that the constitutional claims were 'so insubstantial as not to warrant submission to a three-judge court.' Ex parte Poresky, 1933, 290 U.S. 30, 54 S.Ct. 3, 4, 78 L.Ed. 152, held that under 266 of the Judicial Code, the predecessor of 2281, a single judge could dismiss a complaint not asserting a substantial federal question since 'the provision requiring the presence of a court of three judges necessarily assumes that the District Court has jurisdiction' which, in the absence of diversity of citizenship, would not exist unless such a question was presented; the statute 'does not require three judges to pass upon this initial question of jurisdiction.' Later the Act of April 6, 1942, c. 210, 3, 56 Stat. 198, provided that 'In any action in a district court wherein the action of three judges is required for the hearing and determination of an application for interlocutory injunction and the final hearing,' certain functions might be performed by any one of the three judges, provided, however, that 'such single judge shall not appoint, or order a reference to a master, or hear and determine any application for or vacation of, an interlocutory injunction, or dismiss the action, or enter a summary or final judgment on all or any part of the action'; the substance of this now appears in 28 U.S.C. 2284(5). A bar association had stated the amendment would overrule Ex parte Poresky, H.R.Rep. No. 1677, 77th Cong., 2d Sess. 5 (1942), and some commentators thought it had done so. See Berueffy, The Three-Judge Federal Court, 15 Rocky Mt.L.Rev. 64 (1942); Bowen, Note, 28 Minn.L.Rev. 131 (1944). However, the district courts, apparently without considering the 1942 amendment, continued to follow Ex parte Poresky, see 62 Harv.L.Rev. 1398, 1400 (1949). They were right in doing so. For 3 of the 1942 Act applied only 'in any action in a district court wherein the action of three judges is required,' and Ex parte Poresky held there was no such requirement when the complaint did not assert a substantial federal claim. Moreover, as suggested in Hart & Wechsler, The Federal Courts and the Federal System, 852, the context makes it plain that the prohibition against dismissal by a single judge refers only to the situation 'after a three-judge court has been properly called.' The power of a single judge to dismiss in limine for want of a substantial constitutional question has been sustained, as to state action challenged under 2281, in Jacobs v. Tawes, 4 Cir., 1957, 250 F.2d 611 and Carrigan v. Sunland-Tujunga Telephone Co., 9 Cir., 263 F.2d 568, certiorari denied 1959, 359 U.S. 975, 79 S.Ct. 893, 3 L.Ed.2d 841, and, as to Federal legislation challenged under 2282, in Wicks v. Southern Pacific Co., 9 Cir., 231 F.2d 130, certiorari denied, 1956, 351 U.S. 946, 76 S.Ct. 845, 100 L.Ed. 1471, White v. Gates, 1958, 102 U.S.App.D.C. 346, 253 F.2d 868, certiorari denied, 1958, 356 U.S. 973, 78 S.Ct. 1136, 2 L.Ed.2d 1147 and Eastern States Petroleum Corp. v. Rogers, 105 U.S.App.D.C. 219, 265 F.2d 593, appeal dismissed, 1959, Eastern States Petroleum Corp. v. Prettyman, 361 U.S. 805, 80 S.Ct. 93, 4 L.Ed.2d 56. Any other view would do violence both to the language of the statute and to common sense.
 
 
 13
 All the decisions last cited assume and some state that the courts of appeals may review the action of a district judge dismissing, for lack of a substantial federal question, a complaint that would require a three-judge court if the constitutional claim were substantial. Such decisions necessarily hold that the appeal is not from 'an order denying an injunction in any civil action, suit or proceeding required by any act of Congress to be heard and determined by a district court of three judges'; for if it were, 1253 would provide a direct appeal to the Supreme Court and review by the court of appeals would be excluded, 1291.
 
 
 14
 Judge Dimock was plainly right in deeming insubstantial the constitutional claims made and rejected in the Linehan and Staten Island Loaders cases, supra. The Supreme Court has held that a question is insubstantial if 'its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the questions sought to be raised can be the subject of controversy,' Hannis Distilling Co. v. City of Baltimore, 1910, 216 U.S. 285, 288, 30 S.Ct. 326, 327, 54 L.Ed. 482. And however the situation may have been before the Supreme Court decided DeVeau v. Braisted, supra, we now know that he was equally right in so holding as regards the constitutional attack on 8 of Part III.
 
 
 15
 II. The Preemption Claims.
 
 
 16
 Judge Dimock held he was entitled to pass on plaintiff's attack on the statute and the subpoenas as invading a field preempted by Federal legislation, whether or not the claim was substantial. If the Waterfront Commission was a State 'officer' and the Waterfront Commission Act of 'State statute' within 2281 in connection with the constitutional claims, they were equally so in regard to the preemption claims. Issuance of the subpoenas constituted 'action * * * in the enforcement or execution of such statute,' whether or not it was 'an order made by an administrative board or commission acting under State statutes.' See Albee Godfrey Whale Creek Co. v. Perkins, D.C.S.D.N.Y. 1933, 6 F.Supp. 409. However, Judge Dimock held that even a substantial claim of unconstitutionality based on Federal preemption 'is not an issue which must be submitted to a three-judge court,' citing Cloverleaf Butter Co. v. Patterson, 5 Cir., 1940, 116 F.2d 227.
 
 
 17
 If this question were arising for the first time, we would think the conclusion doubtful. For the invalidity of state action derives from the supremacy clause, Article VI, whether the conflict is with the Constitution or with 'Laws of the United States which shall be made in Pursuance thereof'; and the evil at which 2281 was directed would seem the same whether state action is sought to be enjoined as conflicting with a Federal statute or with the Constitution itself. See Hutcheson, A Case for Three Judges, 47 Harv.L.Rev. 795, 803-810 (1934). However, the settled ruls is as Judge Dimock held. Lemke v. Farmers' Grain Co., 1922, 258 U.S. 50, 42 S.Ct. 244, 66 L.Ed. 458, decided that a claim of conflict between a state and a Federal statute was not within the then 238 of the Judicial Code granting a direct appeal to the Supreme Court 'in any case in which the constitution or law of the state is claimed to be in contravention of the Constitution of the United States.' In re Buder, 1926, 271 U.S. 461, 46 S.Ct. 557, 70 L.Ed. 1036, applied the same doctrine to 266, the predecessor of 28 U.S.C. 2281, as did Ex parte Bransford, 1940, 310 U.S. 354, 358, 359, 60 S.Ct. 947, 84 L.Ed. 1249. The Patterson case cited by the district judge involving an asserted conflict between state and Federal legislation, was reviewed on the merits by the Supreme Court, 1942, 315 U.S. 148, 62 S.Ct. 491, 86 L.Ed. 754, as was Board of Trade of City of Chicago v. Illinois Commerce Commission, 7 Cir., 1946, 156 F.2d 33, affirmed in part and reversed in part, sub nom. Rice v. Santa Fe Elevator Co., 1947, 331 U.S. 218, 67 S.Ct. 1146, 91 L.Ed. 1447, without any suggestion that a three-judge court should have been impaneled. The latest chapter in this history is Florida Lime & Avocado Growers, Inc. Jacobsen, 1960, 362 U.S. 73, 80 S.Ct. 568, 4 L.Ed.2d 568. There the Court held that when a plaintiff asserted a substantial claim that a state statute conflicted with the Constitution and also alleged conflict with a Federal statute, a court of three judges should pass on both claims; however, the majority and minority took as common ground that an assertion of the latter claim alone, and presumably also when coupled with an unsubstantial claim of violation of the Constitution, would not be cognizable before a court of three judges.
 
 
 18
 Although the complaint alleged that the Waterfront Commission Compact conflicts with the National Labor Relations Act, as amended, 29 U.S.C.A. 141-167, plaintiff's brief placed principal reliance on claims that the Waterfront Commission Act has been rendered invalid by the Labor Management Reporting and Disclosure Act of 1959, 29 U.S.C.A. 401-531, and particularly that 8 of Part III of the Waterfront Commission Act disqualifying certain persons as union officers lay in a field now preempted by 504(a) of the Disclosure Act. These claims have now collapsed as a result of the decision in DeVeau v. Braisted, supra, which sustained 8 of Part III on grounds that would apply equally to appellant's other preemption claims.
 
 
 19
 The judgment is affirmed. The stay of the subpoenas granted pending the determination of these appeals is vacated forthwith.
 
 
 
 [1]
 Article III of the Compact creates the Commission as 'a body corporate and politic, an instrumentality of the States of New York and New Jersey.'
 Paragraph 4 of the additional powers conferred on the Commission in 1954, McKinney's N.Y. Unconsolidated Laws, 6700-tt-2; N.J.S.A. 32:23-86, authorizes the Commission to designate any employee to be 'an investigator who shall be vested with the powers of a peace officer of the State of New York in that State or the State of New Jersey in that State'; but the papers do not show whether this has been done. Section 3 of Part II provides that any officer or employee in the service of either state 'who shall transfer to service with the commission' may be given a leave of absence and other privileges; quite clearly he is not considered to be still in the service of the state.
 
 
 [2]
 Different considerations with respect to dismissal may apply when the complaint itself does not disclose the need for three judges and this becomes evident only after the single judge has taken jurisdiction as he justifiably thought proper. See Edward Chappell Co. v. Chesapeake & Ohio Ry. Co., D.C.S.D.N.Y.1952, 110 F.Supp. 46, affirmed per curiam, 2 Cir., 1953, 202 F.2d 149. Cf. Lambert Run Coal Co. v. Baltimore & Ohio R.R. Co., 1922, 258 U.S. 377, 381, 42 S.Ct. 349, 66 L.Ed. 671