**William WILLIAMS et al., Plaintiffs,**

**v.**

**Hon. Carman F. BALL, Dist. Atty. of Erie County, et al., Defendants.**

**Civ. No. 9081.**

United States District Court
W. D. New York.

June 7, 1961.

Parrino & Cooper, Buffalo, N. Y. (Peter L. Parrino, Buffalo, N. Y., of counsel), for plaintiffs.

Carman F. Ball, Dist. Atty., Erie County, by Frederick M. Marshall, Asst. Dist. Atty., Buffalo, N. Y., for defendant Ball.

Louis J. Lefkowitz, New York State Atty. Gen. (Frederick T. Devlin, Asst. Atty. Gen., of counsel), for remaining defendants.

HENDERSON, District Judge.

Plaintiffs, presently under indictment on state gambling charges, contend that wiretap evidence was presented to the Grand Jury and will be used on the trial of their case.[1] They have brought this action to obtain a declaratory judgment that section 813-a of the Code of Criminal Procedure and Article 1, section 12

1. Defendant Carman F. Ball has conceded that wiretap evidence was obtained under the state statute and that it will be used at the coming state trial. Affidavit of Frederick M. Marshall, March 24, 1961.

of the New York State Constitution, which authorize wiretapping pursuant to court order, are invalid. They have moved for the convening of a statutory court of three judges under Title 28 U.S. Code § 2281, to adjudicate this action and for a temporary stay of the trial now pending in the Erie County Court until the final determination of this action.

■ This is not a proper case for a three-judge court under section 2281. Assuming, for purposes of this decision, that the relief here sought is within the three-judge statute,[2] the motion must still be denied for lack of a substantial constitutional issue. The Supreme Court held in Olmstead v. United States, 1928, 277 U.S. 438, 48 S.Ct. 564, 72 L.Ed. 944, that the obtaining of wiretap evidence by federal officers did not violate the Fourth or Fifth Amendments to the Constitution and in a later case specifically refused to overrule this decision. Goldman v. United States, 1942, 316 U.S. 129, 135–136, 62 S.Ct. 993, 86 L.Ed. 1322. The conclusion there reached is all the more clear with respect to wiretapping by state officials, whose conduct is measured by the less restrictive provisions of the Fourteenth Amendment.

■ The remaining contention pressed by plaintiffs is that the statutes are invalid due to the provisions of the Federal Communication Act of 1934, Title 47 U.S.C.A. § 605. This is not a constitutional issue, for purposes of the three-judge court statute, and may be decided by a single district judge. Bell v. Waterfront Commission of New York Harbor, 2 Cir., 1960, 279 F.2d 853. However, this court declines to grant the temporary injunction re-

quested by the present motion on the basis of Pugach v. Dollinger, 2 Cir., 1960, 277 F.2d 739, affirmed 1961, 365 U.S. 458, 81 S.Ct. 650, 5 L.Ed.2d 678, which is deemed to be controlling.

Plaintiffs' motion is denied in its entirety. So ordered.

2. The state statutory and constitutional provisions here involved deal with the installation and operation of wire taps pursuant to court order, not with the use of evidence obtained as a result of such wiretaps. However, in view of the decision reached above, it is not necessary to decide, under the circumstances here presented, whether the request for temporary injunction staying the trial joined with the demand for declaratory judgment of unconstitutionality of the state statute is equivalent to an application for an "injunction restraining the enforcement, operation or execution of any State statute", as required by section 2281 before a three-judge court may be convened.