## EX PARTE NORTHERN PACIFIC RAILWAY COMPANY ET AL.

No. 21, Original. Return to rule presented November 25, 1929.— Decided December 2, 1929.

*Messrs. Bruce Scott, H. H. Field, F. G. Dorety, M. S. Gunn,* and *Dennis F. Lyons* were on the brief for petitioners.

*Messrs. L. A. Foot,* Attorney General of Montana, and *Francis A. Silver* were on the brief for respondents.

*Per Curiam:* This is a petition for a writ of mandamus. A rule to show cause was issued and a return has now been made to the rule. From the petition and the return the facts are shown to be as follows: The Northern Pacific Railway Company and three others brought a suit in the District Court for the District of Montana against the Board of Railroad Commissioners of that State and others to prevent the enforcement of a rate order made by the board, the objection urged against the order being that it was in conflict with the commerce clause of the Constitution of the United States and with certain provisions of the commerce laws of Congress. The plaintiffs applied for a temporary restraining order and for an interlocutory injunction. District Judge Pray granted a temporary restraining order which was to continue in force " until the plaintiffs' application for an interlocutory injunction be heard and determined by three judges as provided by statute." Afterwards, but before three judges were assembled to hear the application for an in-

terlocutory injunction, District Judge Bourquin, sitting alone, entertained a motion by the defendants to dissolve the temporary restraining order, and also a motion to dismiss the bill on the merits. The plaintiffs objected that a single judge was without authority to entertain or act upon either motion, but Judge Bourquin overruled the objection, sustained the motion to dismiss and entered a final decree of dismissal. Of course, the decree, if valid, operated not only as a revocation of the temporary restraining order but also as a denial of the application for an interlocutory injunction.

Manifestly the suit was within the terms and spirit of § 380, Title 28, of the United States Code. When Judge Pray granted a temporary restraining order to be effective until the application for an interlocutory injunction should be heard and determined, it became his duty under that section immediately to call two other judges, one of whom should be either a circuit justice or a circuit judge, to assist him in hearing and determining the application for an interlocutory injunction. Not only so, but the section as amended by the Act of February 13, 1925, c. 29, 43 Stat. 938, extends the requirement respecting the presence of three judges to the final hearing in such a suit. Under our decisions construing and applying the section, Judge Bourquin sitting alone was without jurisdiction to hear either the motion to dissolve the temporary restraining order or the motion to dismiss the bill on the merits. In the presence of the application for an interlocutory injunction—which was at no time withdrawn but constantly pressed—a single judge, whether Judge Pray or Judge Bourquin, was as much without authority to dismiss the bill on the merits as he would be to grant either an interlocutory or a permanent injunction. Our decisions leave no doubt on these points. *Ex parte Metropolitan Water Company of West Virginia,* 220 U. S. 539; *Cumberland Telephone & Telegraph Com-*

*pany* v. *Louisiana Public Service Commission,* 260 U. S. 212, 216–217; *Virginian Railway Company* v. *United States,* 272 U. S. 658, 671-673; *Ex parte Atlantic Coast Line R. Co.,* 279 U. S. 822.

It follows that the rule against the respondents must be made absolute with directions to them to vacate the decree of dismissal entered by Judge Bourquin and to take immediate steps for assembling a court of three judges to hear and determine the application for an interlocutory injunction conformably to § 380. We assume it will not be necessary to issue a formal writ.

*Rule made absolute.*