## NORTHERN PAC. RY. CO. et al. v. BOARD OF RAILROAD COM'RS OF STATE OF MONTANA et al.

### No. 692.

District Court, D. Montana.

June 5, 1930.

Gunn, Rasch & Hall, of Helena, Mont., W. L. Clift, of Great Falls, Mont., Murphy & Whitlock and Howard Toole, all of Missoula, Mont., and D. F. Lyons and Frank Gehan, both of St. Paul, Minn., for plaintiffs.

Francis A. Silver, of Helena, Mont., and L. A. Foot, Atty. Gen., for defendants.

Before DIETRICH, Circuit Judge, and PRAY and BOURQUIN, District Judges.

BOURQUIN, District Judge.

This is a three-judge suit, wherein the railroads seek to enjoin intrastate rates established by defendants, prior to said rates in effect and pending a section 13 hearing by plaintiffs requested of the Interstate Commerce Commission.

The amended complaint counts upon unjust discrimination between intrastate and interstate persons and places. Defendants' motion to dismiss for insufficiency of the complaint, and plaintiffs' application for injunction pendente lite, have been heard together.

Earlier aspects of the suit appear in Northern, etc., Co. v. Board of Railroad Com'rs (D. C.) 34 F.(2d) 295, and Ex parte Northern Pac. Ry. Co., 280 U. S. 142, 50 S. Ct. 70, 74 L. Ed. 233, and are fully reported in Great Falls Gas Co. v. Comm. (D. C.) 39 F.(2d) 176.

The suit is on all fours with Board, etc., Com'rs v. Great Northern Ry. Co., 281 U. S. 412, 50 S. Ct. 391, 74 L. Ed. 936, by the Supreme Court decided May 19, 1930, which holds that authority to hear, determine, and remedy any unjust discrimination due to intrastate rates has been by Congress vested primarily in the Interstate Commerce Commission; and that, until the latter acts, the courts have no authority to restrain the rates. Hence now, as before, the complaint does not state a cause of action.

Accordingly, defendants' motion to dismiss must be, and is granted. It is so ordered.