**BAUM et al. v. PORTER, Price Administrator.**

**No. 277.**

United States Emergency Court of Appeals.

Heard at Los Angeles, California, March 23, 1946.

Decided May 31, 1946.

Before MARIS, Chief Judge, and MAGRUDER and McALLISTER, Judges.

Abraham Gottfried, of Los Angeles, Cal., for complainant.

Israel Convisser, Atty., of Office of Price Administration, of Brooklyn, N. Y. (Richard H. Field, Gen. Counsel, Jacob D. Hyman, Associate Gen. Counsel, and John O. Honnold, Jr., Chief, Court Review Price Branch, all of the Office of Price Administration, all of Washington, D. C., on the brief), for respondent.

PER CURIAM.

Complainant co-partnership is subject to Revised Maximum Price Regulation No. 287, which classifies women's outerwear garments in various categories, and among other provisions, requires a manufacturer to file spring and fall pricing charts for sales of such seasonal garments. Unless these charts are filed, manufacturers are not permitted to sell the garments in question. Complainant filed a spring pricing chart, but subsequently sold its fall dresses at higher prices without filing a fall pricing chart and securing an acknowledgment from the Office of Price Administration of such filing, receipt of which was a prerequisite to sales, under Section 13(b) of the Regulation. Later, upon notice from the Office of Price Administration that a fall chart had not been filed, complainant complied with such filing requirement and was thereupon permitted to continue to sell at the same fall prices which it had charged before the filing of the chart. Subsequently, complainant filed a protest claiming that the Regulation was arbitrary and invalid in requiring receipt of acknowledgment of filing of the pricing chart which, it contended, might be unjustifiably withheld by the Office of Price Administration. At the present time, an enforcement proceeding under Section 204(e) of the Price Control Act, 50 U.S. C.A.Appendix, § 924(e), is pending against complainant. Upon hearing of the protest, it was dismissed by the Price Administrator upon the authority of Thomas Paper Stock Company v. Bowles, Em. App.1945, 148 F.2d 831, on the ground that complainant was not seeking prospective relief, inasmuch as it had already complied with the Regulation. Since the determination of the Administrator, the decision in the Thomas Paper Stock Company case was disapproved by the Supreme Court in Utah Junk Company v. Porter, 66 S.Ct. 889, and in accordance with the authority of that adjudication, a judgment will be entered setting aside the order of dismissal and remanding the case to the Price Administrator for determination on the merits.