**MORA v. MEJIAS.**

No. 8426.

United States District Court,
D. Puerto Rico, San Juan Division.

Nov. 3, 1953.

See also, 1 Cir., 206 F.2d 377.

James R. Beverley, R. Castro Fernandez, F. Castro Amy, San Juan, P. R., for plaintiff.

Jose Trias Monge, Atty. Gen., A Torres Braschi and Edgar S. Belaval, Asst. Attys. Gen., for defendant. .

RUIZ-NAZARIO, District Judge.

I

Plaintiffs have filed a motion requesting that a date be set for the final hearing of their Petition for Permanent Injunction to restrain enforcement of defendant's Administrative Order No. 228 of March 12, 1953. In their motion plaintiffs state that they do not oppose a motion, previously filed by defendant, requesting that a three judge court be convened to hear and determine the petition under 28 U.S.C.A. Sec. 2281.

There has been some delay in the decision of the present motion because the court, when the question of a three judge court was first raised, was under the impression that the statute by its terms simply forbade the granting of an injunction by a single judge, and that therefore a single district judge could examine the petition and, if convinced it was without merit, dismiss it without convening a three judge court.

Further consideration of the statute has, however, convinced me that if the Commonwealth of Puerto Rico be indeed a "State", within the contemplation thereof, I am without jurisdiction to do anything except notify the Chief Judge of this Circuit of the application for permanent injunction in this case. Sec. 2284, Title 28, U.S.C.A., Ex parte Metropolitan Water Co., 220 U.S. 539, 31 S.Ct. 600, 55 L.Ed. 575; Ex parte Northern Pac. R. Co., 280 U.S. 142, 50 S.Ct. 70, 74 L.Ed. 233.

II

We now come to the bruited question of the status of Puerto Rico under Public Law 447 of July 3, 1952—Joint Resolution approving the Constitution of the Commonwealth of Puerto Rico which was adopted by the People of Puerto Rico on March 3, 1952—66 Stat. 327, 48 U.S.C.A. § 731d note.

In Stainback v. Mo Rock Ke Lok PO, 336 U.S. 368, 69 S.Ct. 606, 93 L.Ed. 741, the Supreme Court held that former Section 266 of the Judicial Code, now 28 U.S.C.A. § 2281, was not applicable to the territory of Hawaii. The Court said, 336 U.S. at page 377, 69 S.Ct. at page 611, "While, of course, great respect is to be paid to the enactments of a territorial legislature by all courts as it is to the adjudications of territorial courts, the predominant reason for the enactment of Judicial Code § 266 does not exist as respects territories. *This reason* was a congressional purpose to avoid unnecessary interference with the laws of a *sovereign* state. In our dual system of government, the position of the state as *sovereign* over matters not ruled by the Constitution requires a deference to state legislative action beyond that required for the laws of a territory. A territory is subject to congressional regulation." (Emphasis supplied.)

While in Benedicto v. West India & Panama Telegraph Co. Ltd., 256 F. 417, the Court of Appeals for the First Circuit held, for reasons similar to those subsequently expressed by the Supreme Court in Stainback v. Mo Hock Ke Lok PO, supra, that former Section 266 of the Judicial Code was not then applicable to Puerto Rico, the court indicated, however, that it was quite possible that Puerto Rico might be accepted as a state for certain limited purposes, under rules of liberal construction and such cases as Metropolitan Railroad Co. v. District of Columbia, 132 U.S. 1, 9, 10 S.Ct. 19, 22, 33 L.Ed. 231, where it was said that "It is undoubtedly true that the District of Columbia is a separate political community in a certain sense, and in that sense

may be called a *state*". (Emphasis supplied.)

The Court of Appeals further added that the purpose of the statute was to prevent inordinate and precipitate federal interference with statutes and constitutions of the states in deference to their supposed independent jurisdiction and to safeguard their laws against hasty and inconsiderate federal interference and queried whether it might not apply to political entities enjoying a status more closely resembling that of a state than that of a possession or quasi territory. 256 F. at page 419.

But the position of Puerto Rico, at present is very different from that which it had when the Benedicto case was decided and from that of Hawaii which the Supreme Court had to consider in the Stainback case. Puerto Rico is now "a political entity created by the act and with the consent of the people of Puerto Rico and joined in union with the United States of America under the terms of the compact", and "it would seem to have become a State within a common and accepted meaning of the word. Cf. State of Texas v. White, 1868, 7 Wall. 700, 74 U.S. 700, 721, 19 L.Ed. 227." Mora v. Mejias, 1 Cir., 206 F.2d 377, 387.

In State of Texas v. White, 7 Wall. 700, 74 U.S. 700 at page 721, 19 L.Ed. 227, the Court said: "In the Constitution the term state most frequently expresses the combined idea just noticed, of people, territory, and government. A state, in the ordinary sense of the Constitution, is a political community of free citizens, occupying a territory of defined boundaries, and organized under a government sanctioned and limited by a written constitution, and established by the consent of the governed."

In Andres v. United States, 1948, 333 U.S. 740, 745, 68 S.Ct. 880, 92 L.Ed. 1055, the Supreme Court held that the term "state" may, in the context of a particular statute, have a broader meaning than that accorded to the several states of the union.

■■ Puerto Rico is, under the terms of the compact, sovereign over matters not ruled by the Constitution of the United States. Indeed, not only the legislative history of the Compact but governmental action supports this conclusion. On January 19, 1953, the government of the United States communicated to the Secretary General of the United Nations its decision to cease the transmission of information concerning Puerto Rico under Article 73, subd. e, of the United Nations Charter, 59 Stat. 1035, 1048. The memorandum accompanying this communication (United Nations document A/AC 35/L 121, Annex II) states the following: "By the various actions taken by the Congress and the people of Puerto Rico, Congress has agreed that Puerto Rico shall have, under that Constitution, freedom from control or interference by the Congress in respect of internal government and administration, subject only to compliance with applicable provisions of the Federal Constitution, the Puerto Rican Federal Relations Act and the acts of Congress authorizing and approving the Constitution, as may be interpreted by Judicial decision. Those laws which directed or authorized interference with matters of local government by the Federal Government have been repealed."

In the discussion of the case of Puerto Rico at the 4th Session of the United Nations Committee on Information from Non-Self Governing Territories, Mr. Mason Sears, the United States representative in this Committee, stated on August 28, 1953 the following: "A most interesting feature of the new constitution is that it was entered into in the nature of a compact between the American and the Puerto Rican people. A compact, as you know, is far stronger than a treaty. A treaty usually can be denounced by either side, whereas a compact cannot be denounced by either party unless it has the permission of the other."

I therefore hold that within the intendment and policy of Section 2281, Title 28 U.S.C.A., the Commonwealth of Puerto Rico must be considered a State

and thus a three judge court—in order to avoid "unnecessary interference with the laws of a sovereign state", Stainback v. Mo Hock Ke Lok PO, 336 U.S. 377–378, 69 S.Ct. 611, has to be convened in this case.

Immediate notice of the application for a permanent injunction will be given to the Chief Judge of this Circuit. However, the motion for a setting must be held in abeyance, in deference to the convenience of the three judge court.

It is so ordered.