295 F.2d 491
 George GERMAN, individually and as President of Local 1422,
International Longshoremen's Association,
A.F.L.-C.I.O., on behalf of himself and
others similarly situated, Appellants,
v.
SOUTH CAROLINA STATE PORTS AUTHORITY, Appellee.
 No. 8343.
 United States Court of Appeals Fourth Circuit.
 Argued June 20, 1961.
Decided Oct. 3, 1961.
 
 Wm. McG. Morrison, Jr., Charleston, S.C. (Morrison & Morrison, Charleston, S.C., on the brief), for appellants.
 Coming B. Gibbs, Charleston, S.C. (Figg, Gibbs & Grimball and William H. Grimball, Jr., Charleston S.C., on the brief), for appellee.
 Before SOBELOFF, Chief Judge, and SOPER and BOREMAN, Circuit Judges.
 SOBELOFF, Chief Judge.
 
 
 1
 The questions on this appeal pertain to the refusal of a District Judge to call for the convening of a three-judge District Court and to enjoin state court proceedings.
 
 
 2
 On December 8, 1960, the South Carolina State Ports Authority sought and obtained, in the Court of Common Pleas for Charleston County, South Carolina, an order restraining Local 1422 of the International Longshoremen's Union, A.F.L.-C.I.O., Its President George German, and its officers and members, from picketing facilities of the Authority. On the following day, German, on behalf of himself and others similarly situated, filed a complaint in the United States District Court for the Eastern District of South Carolina, alleging that the picketing was peaceful and thus protected by the Labor Management Relations Act of 1947, 29 U.S.C.A. 141 et seq. The plaintiff sought to have the District Court declare the state court order a nullity and to restrain the Authority from further proceedings. The complaint also prayed that the court remand the proceedings to the National Labor Relations Board. Finally, the complaint asserted that the state statutes creating the Ports Authority, pursuant to which the Authority was acting, were repugnant to the Federal Constitution, and asked the court to cause a three-judge District Court to be convened in accordance with the provisions of 28 U.S.C.A. 2281 and 2284.[1]
 
 
 3
 The Ports Authority moved to dismiss the complaint on the ground that it was a political subdivision of the State of South Carolina, and thus exempt from the provisions of the Labor Management Relations Act under the specific terms of that statute. See 29 U.S.C.A. 152(2). The District Court dismissed the complaint for want of federal jurisdiction, refusing to convene a three-judge District Court. On This appeal, German argues that the court erred both in rejecting the demand for a three-judge court and in declining to dissolve the state court injunction.
 
 I.
 
 4
 First, we consider the jurisdiction of this court to review the claimed error of the District Court in refusing to cause a three-judge court to be convened. In Stratton v. St. Louis S.W. Ry. Co., 1930, 282 U.S. 10, 51 S.Ct. 8, 75 L.Ed. 135, the Supreme Court expressly decided that the Court of Appeals had no jurisdiction to reverse a District Court for failing to call for a three-judge court. The Court held that mandamus in the Supreme Court was the appropriate remedy in such circumstance. However, Stratton was a case where the District Court, after granting a temporary restraining order against enforcement of a state statute, dismissed the application for injunction, not for lack of federal jurisdiction, but on the merits for want of equity. The basis of the Supreme Court's decision was that a District Judge sitting alone had no jurisdiction, where an injunction was sought to restrain the enforcement of a state statute upon the ground of constitutional invalidity, to grant or deny such relief on the merits. The Supreme Court further concluded that to permit an appeal to the Court of Appeals would defeat the purpose of the statute, Jud. Code 266, 28 U.S.C. 380, as amended (now 28 U.S.C.A. 2281, 1253), which provided for a direct appeal to the Supreme Court from the order granting or denying the injunction. The Court also held that a direct appeal to it, from the order of the District Judge sitting alone, was not available since the statute contemplated a direct appeal to the Supreme Court only from a final order of a threejudge court. Thus mandamus to convene a three-judge court was the appropriate remedy to protect the prospective jurisdiction of the Supreme Court. See also, Ex parte Atlantic Coast Line R. Co., 1929, 279 U.S. 822, 49 S.Ct. 478, 73 L.Ed. 977; Ex parte Northern Pacific R. Co., 1929, 280 U.S. 142, 50 S.Ct. 70, 74 L.Ed. 233; Ex parte Bransford, 1940, 310 U.S. 354, 60 S.Ct. 947, 84 L.Ed. 1249.
 
 
 5
 The question remained open whether a District Judge sitting alone could properly dismiss for want of federal jurisdiction a bill to enjoin a state statute or an administrative board or commission order made under a state statute. This precise question was reached in Ex parte Poresky, 1933, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152. There the Court held that a single District Judge had authority to determine as a preliminary matter the question of federal jurisdiction there raised, namely, whether in the absence of diversity of citizenship, a substantial federal question was presented. See also, California Water Service Co. v. City of Redding, 1938, 304 U.S. 252, 254, 58 S.Ct. 865, 82 L.Ed. 1323. Although the court in Poresky did not say that an appeal would lie to the Court of Appeals from a dismissal by a single District Judge for want of federal jurisdiction, subsequent lower court decisions have interpreted the case to authorize such an appeal. Van Buskirk v. Wilkinson,[2] 9 Cir., 1954, 216 F.2d 735, 737; Haines v. Castle,[3] 7 Cir., 1955, 226 F.2d 591, 594; Wicks v. Southern Pacific Co.,[4] 9 Cir., 1956, 231 F.2d 130, 134, 135; Jacobs v. Tawes,[5] 4 Cir., 1957, 250 F.2d 611, 614, 615; White v. Gates,[6] 1958, 102 U.S.App.D.C. 346, 253 F.2d 868, 869; Carrigan v. Sunland-Tujunga Telephone Co.,[7] 9 Cir., 1959, 263 F.2d 568, 572, 573; Bell v. Waterfront Commission of New York Harbor,[8] 2 Cir., 1960, 279 F.2d 853, 857, 858; Stuart v. Wilson,[9] 5 Cir., 1960, 282 F.2d 539. Compare Idlewild Bon Voyage Liquor Corp. v. Rohan,[10] 2 Cir., 1961, 289 F.2d 426, 428-430. The Supreme Court has not yet spoken on this interpretation of Poresky by the lower courts.
 
 II.
 
 6
 Assuming that we have jurisdiction to review the District Court's dismissal in the instant case, we find no merit in the plaintiff's assertion that there was error in refusing to convene a three-judge court to consider German's constitutional attack on the state statute. 28 U.S.C.A. 2281 requires that a threejudge court be convened only where an interlocutory or permanent injunction is sought restraining the action of any officer of a state in the enforcement or execution of a state statute or an order made by an administrative board or commission acting under state statutes, and a substantial claim[11] is pressed that the state statute is unconstitutional. The only claim made in the present complaint which, if substantial, would require a court of three judges is the attack upon the state statutes creating the Ports Authority, sections 54-1 through 54-171 of the Code of Laws of South Carolina, 1952, as amended. This attack is patently frivolous. The appellant does not specify which of these particular sections he complains of or why they are unconstitutional. He merely makes the bald assertion that all of the Code sections, about 50 in number, dealing with the Authority violate the Constitution.[12] Such a generalized, unspecific attack does not present a substantial question.
 
 III.
 
 7
 The other contention of German on this appeal is that the picketing was protected by the Labor Management Relations Act of 1947, 29 U.S.C.A. 141 et seq., and that the state court was without jurisdiction to enjoin the picketing, as the subject matter has been pre-empted by the federal statute and is in the exclusive jurisdiction of the National Labor Relations Board. Even assuming that the Authority is not exempt from the provision of the federal act under 29 U.S.C.A. 152(2), and that the picketing was a protected activity, the District Court was not empowered to grant the relief asked.[13] On this very point, the Supreme Court, in Amalgamated Clothing Workers of America v. Richman Brothers Co., 1955, 348 U.S. 511, 520, 75 S.Ct. 452, 99 L.Ed. 600, held that a federal court may not enjoin state court proceedings restraining picketing except on a proper complaint filed by the National Labor Relations Board.
 
 
 8
 If the state court's restraining order is erroneous, relief may be sought through state channels, ultimately to the Supreme Court of the United States.
 
 
 9
 Because of the manifest insubstantiality of the claim of invalidity of the South Carolina statutes on federal constitutional grounds, and because the District Court lacked power to restrain the state court proceedings, the order of the District Court dismissing the complaint is
 
 
 10
 Affirmed.
 
 
 
 [1]
 In an entirely separate action from the present one, the appellant also attempted to have the state court proceedings removed to the District Court. See South Carolina State Ports Authority v. Local 1422 of International Longshoremen's Union, D.C.E.D.S.C.1961, 191 F.Supp. 156, appeal dismissed 367 U.S. 910, 81 S.Ct. 1920, 6 L.Ed.2d 1250
 
 
 [2]
 The court upheld a single District Judge's dismissal, as the amount of money involved was not shown to be sufficient for federal jurisdiction
 
 
 [3]
 The court affirmed, where a single District Judge had refused to convene a three-judge court and dismissed the bill, in the absence of a substantial federal question
 
 
 [4]
 The court affirmed a dismissal, even though a temporary restraining order had originally been issued by the District Judge, since it found that no substantial federal question had been presented
 
 
 [5]
 This court held it could review on appeal a single District Judge's dismissal of a complaint on the ground that the amount of money involved was insufficient for federal jurisdiction
 
 
 [6]
 The court concluded that the District Court had rightly dismissed a complaint where no substantial federal question was presented
 
 
 [7]
 The court approved a dismissal by a single District Judge, no substantial federal question appearing
 
 
 [8]
 In this case the District Court had as an alternative ground dismissed a complaint for want of a substantial federal question and the Court of Appeals acknowledged the correctness of this action
 
 
 [9]
 The court approved a single District Judge's dismissal for want of a substantial federal question
 
 
 [10]
 A single District Judge, in deference to the state court, abstained from entertaining the suit, and declined to act upon a petition to convene a three-judge court. The Court of Appeals, although recognizing its authority to review where dismissal was predicated on a jurisdictional ground, determined that it did not have jurisdiction to review the District Judge's refusal to convene a three-judge court on the ground of abstention. Certiorari has been granted in this case. 82 S.Ct. 39
 
 
 [11]
 'The lack of substantiality in a federal question may appear either because it is obviously without merit or because its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject.' California Water Service Co. v. Redding, 1938, 304 U.S. 252, 255, 58 S.Ct. 865, 867, 82 L.Ed. 1323. Not only may the question of a state statute's constitutionality be insubstantial because previous decisions have upheld the statute, but the constitutional question may become insubstantial because of Supreme Court decisions obviously establishing unconstitutionality. See Booker v. State of Tennessee Board of Education, 6 Cir., 1957, 240 F.2d 689; Garmon v. Miami Transit Co., D.C.S.D.Fla.1957, 151 F.Supp. 953
 
 
 [12]
 The appellant's brief merely states: 'it is our contention that the statutes * * * creating the South Carolina State Ports Authority, violate Article I, Section 8 (particularly but not only Clause 3), Section 9 and Section 10; Article III, Article IV, and Amendments I, V, IX, XIII and XIV of the Constitution of the United States.'
 
 
 [13]
 The claim that state action pursuant to a state statute is involved because the subject matter in controversy has been pre-empted by federal law, although one ultimately resting upon the Supremacy Clause of the Constitution, (Article VI, Clause 2) has been held not to be an attack upon the constitutionality of a state statute requiring a three-judge court. See Ex parte Buder, 1926, 271 U.S. 461, 46 S.Ct. 557, 70 L.Ed. 1036; Florida Lime & Avocado Growers, Inc. v. Jacobsen, 1960, 362 U.S. 73, 80 S.Ct. 568, 4 L.Ed.2d 568