**Leo F. BENOIT**

v.

**Alfred GARDNER et al.**

**Civ. A. No. 65–323.**

United States District Court
D. Massachusetts.

May 10, 1965.

James W. Kelleher, William C. Madden, Boston, Mass., for plaintiff.

Calvin P. Bartlett, Boston, Mass., for defendants.

WYZANSKI, District Judge.

This case comes before this Court on the complaint of Benoit seeking a preliminary as well as a final injunction.

The defendants named are the individuals composing the Crime Commission appointed pursuant to c. 146 of the Resolves of 1962 of the Massachusetts General Court, certain of the Commission's staff, and the Attorney General of the Commonwealth.

Relief prayed includes (1) a judicial declaration by this Court (a) that the aforesaid c. 146 of the Resolves of 1962 is unconstitutional and (b) that action taken by defendants pursuant to that Resolve is unconstitutional, (2) restraint of the Commission and its staff from assisting in various ways the prosecution of plaintiff Benoit who, according to paragraph 18 of the complaint, has been indicted by the grand jury of Suffolk County in the Commonwealth of Massachusetts for allegedly requesting and receiving a bribe, and (3) restraint of the Attorney General from (a) presenting to a grand jury for prosecution against Benoit any matter obtained from the Commission or its staff, and (b) marking for trial the case against Benoit based on the indictment already mentioned.

In the complaint Benoit prays that this Court should convene a three judge District Court, as provided in 28 U.S.C. § 2281 and § 2284.

When this case came before this Court at 10 A.M. this morning, the Court drew to the attention of counsel that the first order of business was for this Court to determine whether issues raised by the complaint were of such substance as to warrant this single judge in requesting two other judges, one of whom must be a circuit judge, to interrupt their calendars to attend this session.

Plaintiff's counsel declined to make any statement with respect to this problem except rudely to ask whether I had consulted Judge Aldrich—as though he were my school teacher and I were not the person who under his commission is sworn to apply the law, as best I can, without depending on the tutelage of another judge at my elbow.

Relying on such ability as I may have, and endeavoring to do what I believe to be my constitutional duty, I shall address myself to the problem on which plaintiff's counsel refused to speak.

■ In Bailey v. Patterson, 369 U.S. 31, 33, 82 S.Ct. 549, 551, 7 L.Ed.2d 512 (1962) the Supreme Court of the United States ruled that "Section 2281 does not require a three-judge court when the claim that a statute is unconstitutional is wholly insubstantial, legally speaking nonexistent. Ex parte Proesky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152; Bell v. Waterfront Comm., 2 Cir., 279 F.2d 853, 857–858." No doubt, the reason for this rule is that if a case against a state law be frivolous, it is a waste of time to convene three judges. Only when there is a substantial chance that the prayed injunction or other relief against a sovereign state will be granted is there sound ground to assemble three judges when apparently one will do.

Here it is too plain to be disputed by disinterested men that plaintiff is not at this stage in this Court entitled to any relief restraining the state authorities. His prayers are frivolous.

■ If it were true (which, of course, I do not for one moment suggest is the case) that the Massachusetts General Court had no power to create the Crime Commission, to give it the powers it enjoys, or to employ the staff it uses, nonetheless plaintiff Benoit has now no conceivable standing, least of all in this Court, to complain. If the indictment already returned against him be defective on the ground that his constitutional rights have been invaded, his remedy is to assert his defense in the state court, and if the defense is denied and if the defense presents a plausible ground for claiming that his rights under the United States Constitution are denied, his relief is by a petition for review by the Supreme Court of the United States.

■ Likewise if the Commission or the Attorney General is undertaking, or planning to undertake, actions against Benoit, his right to object, under familiar doctrines of equity, best summarized in the classic opinion of Justice Brandeis in Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638, arises only when the action is taken, and then only by making objection in the forum or tribunal which proposes to take the allegedly objectionable action.

What has been said is sufficient to show that plaintiff Benoit's complaint is not only without sufficient substance to require the convoking of other judges but also must be dismissed forthwith so that this Court shall not stand athwart a proper state court proceeding, waiting to begin the effective administration of justice.

To avoid any possible failure to hit the target, this Court puts a second string to its bow. Plaintiff proceeds on a theory that it was a violation of the United States Constitution for the Massachusetts General Court to create a Crime Commission with the powers, staff, and activities described in his complaint.

 Surely a state is as free under the federal constitution, as is the Congress of the United States under the same constitution, to proceed by *ad hoc* commissions to investigate crime, to give to those commissions power by subpena or otherwise to procure testimony, to authorize such commissions to make their own rules of procedure, and to develop their own patterns of cooperation with grand juries, Attorneys-General or otherwise.

Ever since the famous so-called "Teapot Dome" scandals of the Harding administration, [see McGrain v. Daugherty, 273 U.S. 135, 47 S.Ct. 319, 71 L.Ed. 580 and Sinclair v. United States, 279 U.S. 263, 49 S.Ct. 268, 73 L.Ed. 692] it has been familiar doctrine that such investigations may be conducted by Congress or its surrogates. Scores of men have gone to prison either for defying such committees or commissions, or for crimes tried in the courts on the basis of information uncovered by such committees or commissions.

It is far, far too late for Benoit or his counsel effectively to argue, at least in a trial court, (be it composed of one judge or three judges,) that the *federal* constitution precludes any legislature, national or state, any commission, national or state, any attorney-general, national or state, from searching out crime as Benoit complains these defendants have done.

 Benoit will have his day in the state court. There the prosecution will have the burden of proving him guilty beyond a reasonable doubt upon evidence openly received and subject to open challenge, cross-examination, and rebuttal. Such opportunities are all that are required by the due process clause of the Fourteenth Amendment to the United States Constitution.

Plaintiff's Motion for a three judge court denied. Complaint dismissed by the Court on its own motion on the grounds that it is, as above stated, purely frivolous.