Lawrence LANDRY et al., Plaintiffs,

v.

Richard J. DALEY, Mayor of the City of Chicago, Cook County, Illinois et al., Defendants.

No. 67 C 1863.

United States District Court
N. D. Illinois, E. D.

Dec. 28, 1967.

See also D.C. 280 F.Supp. 938, 280 F.Supp. 968.

Robert L. Tucker, R. Eugene Pincham, Kermit Coleman, Jean F. Williams, Ellis E. Reid, Lawrence E. Kennon, Leonard Karlin, Norman E. Lapping, Irving Birnbaum, Leo E. Halt, Cecil C. Butler, Edward G. Thomson, Chicago, Ill., Dennis J. Roberts, Newark, N. J., William M. Kunstler and Arthur Kinoy, New York City, for plaintiffs.

Robert Plotkin, Philip W. Moore, Michael L. Shakman, Neil Komesar, Robert Howard, Chicago, Ill., amici curiae.

John J. Stamas, State's Atty., of Cook County, Edward J. Hladis, Chief of Civil Division, Ronald Butler, Asst. State's Atty., for State officials.

Raymond F. Simon, Corp. Counsel of Chicago, Richard J. Elrod, Asst. Corp. Counsel, Kenneth W. Sain, Asst. Corp. Counsel, for city officials.

## OPINION

WILL, District Judge.

This is a class action, brought by the plaintiffs pursuant to Rule 23(a) (1) (3) of the Federal Rules of Civil Procedure on their own behalf and on behalf of all others similarly situated, seeking declaratory and injunctive relief. Some of the individual plaintiffs are negro citizens who currently face criminal prosecution before the Circuit Court of Cook County, Illinois. These prosecutions arose out of a series of demonstrations taking place in Chicago, Illinois. Plaintiff, ACT, is an unincorporated association, maintaining offices in Chicago, Illinois, among the purposes of which is to secure negro citizens their federal rights and to end all forms of racial segregation and discrimination. To obtain these objectives, it engages in a variety of protest activities, including picketing, demonstrations, rallies, mass meetings, voter registration drives, community organization and publication. Plaintiffs, Lawrence Landry, Robert Lucas, Robert Brown and Michael Rogers are negroes and sue as representatives of the class of all negroes in the City of Chicago. Defendants are either officers of the City of Chicago, Illinois, or officers of the State of Illinois.

It is asserted that the jurisdiction of the Court over the Complaint arises under Title 28 U.S.C., Sections 1331, 1332, 1343(3), (4), 2201, 2202, 2281 and 2284; Title 42 U.S.C., Sections 1981, 1983 and 1985; and the Constitution of the United States, particularly, the First, Fourth, Fifth, Sixth, Eighth, Tenth, Thirteenth, Fourteenth and Fifteenth Amendments thereto.

The complaint alleges that the defendants have purposefully entered into a plan or scheme of concerted and joint action among themselves and with other persons unknown to the plaintiffs to deprive the plaintiffs of rights, privileges, and immunities secured to them by the Constitution and laws of the United States. Pursuant to this plan, the defendants have allegedly prosecuted and threatened to prosecute the plaintiffs and other members of the class they represent under color and authority of certain statutes of the state of Illinois and certain ordinances of the City of Chicago. It is alleged that certain plaintiffs and those they represent have been arrested without any warrants of any kind or probable cause while peacefully demonstrating, that prosecutions based on these statutes and ordinances have been instituted against these plaintiffs, and that they have been held on unreasonable and exorbitant bail. The complaint asserts that these arrests and prosecutions, as well as threats of future enforcement of

the statutes and ordinances, have not been made by defendants with any expectation of securing valid convictions, but rather are part of a plan to employ arrest, detention on excessive bail and threats of prosecution to harass plaintiffs and their supporters and discourage them from asserting and exercising their federal rights.

The complaint also alleges that the state statutes and city ordinances under which this plan or scheme has been effectuated are unconstitutional on their face.[1] It is contended that these statutes and ordinances are vague and indefinite; they permit a construction which would violate plaintiffs' First Amendment guarantees as well as due process of law.

It is asserted that the impact of the plan allegedly conceived and implemented by the defendants and the possibility of prosecution under these statutes and ordinances is to discourage and inhibit the lawful exercise by the plaintiffs and the class which they represent of freedom of expression, freedom of assembly, and the right to petition government for redress of grievances.

On the basis of these allegations, the plaintiffs seek: (1) the issuance of declaratory judgments declaring that the state statutes and city ordinances in question are void on their face, null and void as violative of the Constitution of the United States, and/or as applied to the conduct of the plaintiffs herein, (2) the issuance of a permanent injunction restraining the defendants, their agents and attorneys from the enforcement, operation, or execution of any of these statutes and ordinances, and

(3) the issuance of a permanent injunction restraining the defendants, their agents, and attorneys from impeding, intimidating, hindering, and preventing plaintiffs, or members and supporters of ACT from exercising the rights, privileges, and immunities guaranteed to them by the Constitution and laws of the United States. The plaintiffs also move that a three-judge court be convened pursuant to Section 2281 and 2284, Title 28, of the United States Code to hear and determine the issues presented herein. Pending a hearing and determination by a three-judge court, plaintiffs seek the issuance of a temporary injunction restraining the defendants, their agents, attorneys and all others acting in concert with them from enforcing in any way the provisions of the statutes and ordinances in question or from instituting or undertaking any proceedings whatsoever pursuant to these statutes and ordinances.[2]

Pursuant to Rule 12 of the Federal Rules of Civic Procedure, both the state and city defendants have moved to dismiss this action. Defendants present omnibus motions. They assert, inter alia, the following grounds: (1) this Court has no jurisdiction over the matters presented; (2) the complaint states insufficient allegations to grant relief to plaintiffs; (3) the complaint fails to state a claim upon which relief can be granted; (4) the complaint does not disclose irreparable injury or harm of such a nature as to justify equitable relief; (5) the plaintiffs have an adequate remedy at law since their constitutional claims may be asserted in the proceedings now pending in the state

---

1. The state statutes in question are: Ill. Rev.Stat., Ch. 38, § 25–1 (Proscribing "Mob Violence"); Ill.Rev.Stat., Ch. 38, § 31–1 (Proscribing "Resisting or Obstructing a Peace Officer"); Ill.Rev. Stat., Ch. 38, § 12–2 (Proscribing "Aggravated Assault"); Ill.Rev.Stat., Ch. 38, § 12–2(a) (5) (Proscribing "Aggravated Battery"); Ill.Rev.Stat., Ch. 38, § 12–6(a) (6) (Proscribing "Intimidation").
   The city ordinances in question are: Municipal Code of Chicago, Ch. 11, § 33

(Proscribing "Obstructing or Resisting a Police Officer"); Municipal Code of Chicago, Ch. 193, § 1 (Proscribing "Disorderly Conduct").

2. Pending further action by this court or a three-judge court, the defendants have informally agreed, and the plaintiffs have accepted this agreement, that all pending prosecutions for acts of plaintiffs prior to the filing of this suit will be held in status quo.

courts; (6) the doctrine of federal abstention is applicable and should be utilized in this proceeding to allow the state courts of Illinois an opportunity to adjudicate the areas within their particular competence; (7) this Court is barred by Title 28, United States Code, Section 2283, from entering an injunction against the defendants in regard to those criminal proceedings currently pending in the Illinois state courts, and (8) the complaint makes no specific factual allegations as to the applicability of the Fourth, Fifth, Sixth, Eighth, Ninth, Tenth, Thirteenth and Fifteenth Amendments and fails to demonstrate the manner in which these amendments apply so as to void the statutes and ordinances in question.

### The Scope of the Present Inquiry

The plaintiffs seek to have a three-judge court convened pursuant to Sections 2281 and 2284, Title 28, of the United States Code to determine the constitutional questions raised in the complaint. Section 2281 provides as follows:

> An interlocutory or permanent injunction restraining the enforcement, operation or execution of any State statute by restraining the action of any officer of such State in the enforcement or execution of such statute * * * shall not be granted by any district court or judge thereof upon the ground of the unconstitutionality of such statute unless the application therefor is heard and determined by a district court of three judges under § 2284 of this Title.

The purpose of this section is to provide procedural protection against the improvident invalidation of state legislation by a single federal judge.[3] It assures the collective judgment of three federal judges whenever a plaintiff seeks to enjoin a state regulatory scheme upon constitutional grounds. Concomitant to this collective judgment is the provision of a direct appeal to the Supreme Court.[4] Accordingly, whenever an application for such relief is addressed to a district court, a single judge's inquiry is limited to whether it is appropriate to convene a three-judge court.

The rule established by the early cases dealing with the powers of a single judge when such injunctive relief was sought was that a single judge could not dismiss such an action on the merits.[5] This doctrine was qualified, however, by the Supreme Court in the case of Ex parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152 (1934), where it was held that a single judge could dismiss the action for want of jurisdiction and that such jurisdiction was lacking if the federal constitutional claim was insubstantial.[6] Although it was recognized in *Poresky* that a single judge could examine the substance of a constitutional question before the convening of a three-judge court, the earlier rule has continued to have its influence. Title 28, United States Code, Section 2284(5), currently provides that a single judge "shall not * * * dismiss the action or enter a summary or final judgment." This language was added to the three-judge court act in 1942 [7] and would seem

3. Moody v. Flowers, 387 U.S. 97, 100, 87 S.Ct. 1544, 18 L.Ed.2d 643 (1967); Bartlett & Co. v. State Corp. Commission of Kansas, 223 F.Supp. 975, 978 (Kan.1963); Voege v. American Sumatra Tobacco Corp., 192 F.Supp. 689, 691 (Del.1961).

4. See 28 U.S.C. § 1253.

5. See Ex parte Northern Pacific R.R. Co., 280 U.S. 142, 50 S.Ct. 70, 74 L.Ed. 233 (1929); Ex parte Metropolitan Water Co. of West Virginia, 220 U.S. 539, 31 S.Ct. 600, 55 L.Ed. 575 (1911); Wright, Federal Courts § 50, at 165 (1963).

6. Noted in 47 Harv.L.Rev. 707; 28 Ill.L. Rev. 839 (1934); 18 Minn.L.Rev. 729. A constitutional claim was deemed insubstantial if it was obviously without merit or if its unsoundness was demonstrated by previous decisions of the Supreme Court. California Water Service Co. v. City of Redding, 304 U.S. 252, 255, 58 S. Ct. 865, 82 L.Ed. 1323 (1939).

7. Act of April 6, 1942, c. 210, 56 Stat. 199.

to suggest a codification of the earlier rule.[8] Nevertheless, decisions subsequent to this amendment to the act indicate that while a single judge's authority is circumscribed, it is not so limited as this language would seem to suggest.[9]

The most recent Supreme Court decision involving this question is Idlewild Bon Voyage Liquor Corp. v. Epstein, 370 U.S. 713, 82 S.Ct. 1294, 8 L.Ed.2d 794 (1961). In *Idlewild* the Court indicated that a single judge's inquiry "is appropriately limited to determining whether the constitutional question raised is substantial, whether the complaint at least formally alleges a basis for equitable relief, and whether the case presented otherwise comes within the requirements of the three-judge statute." Id. at 715, 82 S.Ct. at 1296. If those criteria are met, it is "impermissible for a single judge to decide the merits of the case, either by granting or by withholding relief." Id. at 715, 82 S. Ct. at 1296. This would seem to represent the present limits of a single judge's power when an application for a three-judge court is addressed to a district court. See Stamler v. Willis, 371 F.2d 413, 414 (7th Cir. 1966); Pierre v. Jordon, 333 F.2d 951, 957 (10th Cir.), cert. denied, 379 U.S. 974, 85 S.Ct. 664, 13 L.Ed.2d 565 (1954), rehearing denied 380 U.S. 927, 85 S.Ct. 884, 13 L.Ed.2d 814 (1965).

It seems clear, therefore, that at the present time this Court does not have the power to dismiss the instant action unless it fails to meet the criteria specified in *Idlewild* or the general requisites of federal jurisdiction.[10]

### The Requisites of Federal Jurisdiction

The plaintiffs seek to invoke the jurisdiction of this Court under a number of jurisdictional statutes. Among them are sections 1331 and 1343 of Title 28, United States Code, Sec. 1331 provides that federal courts shall have general original jurisdiction over cases "arising under" the constitution, laws and treaties of the United States, while section 1343 provides that the federal courts shall have original jurisdiction over cases seeking relief for certain specified wrongs.

The plaintiffs' claims are based on the construction and effect of various federal laws and certain Amendments to the Constitution of the United States. This would seem to satisfy any common sense approach to the meaning of the phrase "arising under" in section 1331. See Gully v. First National Bank in Meridian, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936). Moreover, the plaintiffs seek redress for wrongs specified in section 1343. Therefore, the jurisdictional requisites for purposes of both sections 1331 and 1343 are satisfied.

### Substantial Federal Question

Even though an injunction is requested on the basis of the unconstitu-

---

3. Wright, Federal Courts § 51, at 165–66 (1963); Note, 28 Minn.L.Rev. 131 (1944); Note, 62 Harv.L.Rev. 1398 (1949).

9. See, e.g., Eastern States Petroleum Corp. v. Rogers, 105 U.S.App.D.C. 219, 265 F. 2d 593 (D.C.Cir.), mandamus denied, 361 U.S. 805, 80 S.Ct. 93, 4 L.Ed.2d 56 (1959); Carrigan v. Sunland-Tujunga Tel. Co., 263 F.2d 568 (9th Cir. 1959); Klein v. Lee, 254 F.2d 188 (7th Cir. 1958). Although these courts seem to have applied the rule announced in Ex parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152 (1934), without thoroughly considering the effect of 28 U.S.C. § 2284

(5), this course seems to have been approved by the Supreme Court. See Turner v. City of Memphis, 369 U.S. 350, 352–353, 82 S.Ct. 805, 7 L.Ed.2d 762 (1962); Bailey v. Peterson, 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962). See, also, Wright, Federal Courts § 51 at 166 (1963).

10. It is clear that a single judge, where a three-judge court is requested, may consider whether the cause comes within the requisite of federal jurisdiction in an appropriate case. See Lion Mfg. Corp. v. Kennedy, 117 U.S.App.D.C. 367, 330 F.2d 833 (D.C.Cir. 1964).

tionality of a state statute, a district judge need not convene a three-judge district court if the constitutional question presented in the complaint is wholly insubstantial.[11] This lack of substantiality might appear either because the constitutional question is obviously without merit or because its unsoundness is so clearly demonstrated by previous decisions of the Supreme Court as to foreclose the subject.[12]

As previously stated, the complaint alleges that certain state statutes and city ordinances are unconstitutional on their face.[13] Although the defendants have cited decisions by the Supreme Court of Illinois upholding the constitutionality of some of the challenged statutes and ordinances, these decisions alone would not foreclose an examination of the constitutionality of these statutes and ordinances. Moreover, the complaint also alleges that the statutes and ordinances in question have been unconstitutionally applied to the plaintiffs as part of a plan or scheme to deprive them of their constitutional rights. When viewed in this context, it is difficult to see how the constitutional questions raised can be deemed insubstantial.

### Basis for Equitable Relief

■ A three-judge court is to be invoked under section 2281 only where the complaint seeks injunctive relief. Before a federal court will assume equitable jurisdiction, however, the groundwork for such relief must be established. The plaintiff must show that there is an absence of a plain and adequate remedy at law and that the enforcement of the

statute will cause him irreparable harm and injury. The defendants contend that these requisites do not exist in the instant actions. They assert that plaintiffs are afforded an adequate remedy at law through the adjudication of their claims in the state courts and that the mere possibility of an erroneous application of constitutional standards by those courts does not amount to irreparable injury.

Although in the landmark case of Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), the Supreme Court recognized that federal injunctions would be justified where state officers "threaten and are about to commence proceedings either of a civil or criminal nature, to enforce against parties affected an unconstitutional act, violating the Federal Constitution," [14] the general requisites for equitable relief have usually been rigorously required by the federal courts in such situations. The application of these limitations has usually been compelled by considerations of federalism. It has been generally assumed that state courts and prosecutors will observe constitutional limitations and exercise their power in good faith. Accordingly, federal interference with the enforcement of state laws has been deemed inconsistent with our federal framework. The normal adjudication of constitutional defenses has been considered to afford parties an adequate remedy at law, and the mere possibility of an erroneous initial application of constitutional standards has not usually been considered to amount to the irreparable injury necessary to justify invocation of equitable relief.[15]

11. E.g., Ex parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152 (1934); Powell v. Workman's Compensation Bd. of State of New York, 327 F.2d 131, 138 (2d Cir. 1964); Benoit v. Gardner, 241 F.Supp. 206, 207 (Mass.1965); United States ex rel. Horne v. Pennsylvania Bd. of Parole, 234 F.Supp. 368, 370 (E.D.Pa.1964).

12. E.g., California Water Service Co. v. City of Redding, 304 U.S. 252, 255, 58 S.Ct. 865, 82 L.Ed. 1323 (1938); German v. South Carolina State Ports Au-

thority, 295 F.2d 491, 494 (4th Cir. 1961); Ford v. Attorney General of Pennsylvania, 184 F.Supp. 129 (E.D.Pa.), affirmed, 364 U.S. 291, 81 S.Ct. 65, 5 L. Ed.2d 39 (1960).

13. See notes 1 and 2, supra, and accompanying text.

14. 209 U.S. at 156, 28 S.Ct. at 452.

15. See, e.g., Cleary v. Bolger, 371 U.S. 392, 83 S.Ct. 385, 9 L.Ed.2d 390 (1963); Douglas v. City of Jeannette, 319 U.S.

The application of these traditional limitations was qualified by the Supreme Court in Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965). The complaint involved in *Dombrowski* sought declaratory relief and an injunction restraining the defendants (state officials) from enforcement of certain allegedly unconstitutional Louisiana anti-subversive statutes. It asserted two distinct grounds for federal relief. First, it alleged that the defendants had invoked, and threatened to continue to invoke, criminal process upon the statutes without any hope of ultimate success, but solely to discourage the plaintiffs' civil rights activities. Second, it alleged that the Louisiana statutes were unconstitutionally broad and vague regulations of expression. A three-judge court dismissed the complaint, reasoning that the case did not present a question of threatened irreparable injury to federal rights and that constitutional defenses could be adequately presented in the normal state adjudicatory process.[16]

On appeal, the Supreme Court reversed, stating,

[t]he allegations in this complaint depict a situation in which defense of the State's criminal prosecution will not assure adequate vindication of contitutional rights. They suggest that a substantial loss or impairment of freedoms of expression will occur if appellants must await the state court's disposition and ultimate review in this Court of any adverse determination.

These allegations, if true, clearly show irreparable injury. 380 U.S. at 485–486, 85 S.Ct. at 1120.

The complaint in the instant action is substantially similar to the one in *Dombrowski*. It alleges two bases for relief: (1) a planned misuse of statutes and ordinances regulating expression by the defendants, and (2) the statutes themselves are unconstitutionally vague and indefinite regulations of expression. The *Dombrowski* case seems to indicate that either of these grounds will support equitable relief.[17]

■ The complaint, obviously, alleges a formal basis for equitable relief. Thus, it would seem appropriate to convene a three-judge court to determine the constitutionality of the challenged state statutes.

■ The defendants also contend that this court is barred by section 2283 of Title 28, United States Code, from enjoining any prosecutions against plaintiffs under the statutes and ordinances attacked in this action which are currently pending in the state courts of Illinois.[18]

This question is premature. Section 2283 is not a jurisdictional statute. It is essentially a rule of comity and its demand is directed to the discretion of the federal court.[19] The scope of the present inquiry is limited to whether it is appropriate to convene a three-judge court. This question, therefore, should

157, 161–165, 63 S.Ct. 877, 87 L.Ed. 1324 (1943); Beal v. Missouri Pacific R.R. Corp., 312 U.S. 45, 49–51, 61 S.Ct. 418, 85 L.Ed. 577 (1941); Spielman Motor Sales Co. v. Dodge, 295 U.S. 89, 95–97, 55 S.Ct. 678, 79 L.Ed. 1322 (1935).

16. Dombrowski v. Pfister, 227 F.Supp. 556, 562–563 (E.D.La.1964).

17. See 380 U.S. at 485–487, 85 S.Ct. 1116. See, also, Carmichael v. Allen, 267 F. Supp. 985 (N.D.Ga.1967); Cameron v. Johnson, 262 F.Supp. 873, 878 (S.D.Miss. 1966).

18. Section 2283 provides:
A court of the United States may not grant an injunction to stay proceedings

in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

19. E.g., Baines v. City of Danville, 337 F.2d 579, 593 (4th Cir. 1964); Southern California Petroleum Corp. v. Harper, 273 F.2d 715, 718–719 (5th Cir. 1960); Cameron v. Johnson, 262 F.Supp. 873, 886–887 (S.D.Miss.1966); Feldman v. Pennroad Corp., 60 F.Supp. 716 (Del.1945), aff'd. 155 F.2d 733 (3d Cir. 1946), cert. denied 329 U.S. 808, 67 S.Ct. 621, 91 L. Ed. 690 (1947).

be reserved for later determination if it becomes relevant.

### Otherwise Appropriate for a Three-Judge Court

■■■■■ Section 2281, Title 28, United States Code, provides for a three-judge court when the enforcement of a "state-statute" is sought to be enjoined. The Supreme Court has consistently construed this section to encompass only statutes of general and statewide application.[20] The term "statute" does not include city ordinances, local resolutions, or state statutes having only a local application. Similarly, the officer sought to be enjoined must be a state officer. A three-judge court need not be convened where the action seeks to enjoin a local official who is performing acts of purely local concern.[21] It has been held, however, that section 2281 does apply to local officers performing a state function which embodies a policy of statewide concern.[22]

The instant action poses constitutional challenges to both state statute and local ordinances, and seeks to enjoin both state and local officials. The respective challenges to these state statutes and city ordinances present common questions of fact as to whether they are part and parcel of a scheme to deprive the plaintiffs of their federal rights. While a joinder of these claims is permissible under the federal rules of civil procedure,[23] their joinder is inappropriate for purposes of a three-judge court. The state statutes have a state wide applicability. The city ordinances have only a localized applicability. The attack upon the state statutes and the issuance of an injunction against state and local officials charged with their enforcement present issues within the ambit of a three-judge court. The attacks upon the city ordinances and the issuance of an injunction against those charged with their enforcement, present issues which may be properly tried by only a single judge.

The Supreme Court has consistently maintained the view that if a state statute is attacked on substantial federal constitutional grounds and on other grounds as well, a three-judge court is required and has jurisdiction over all the claims raised against the statute.[24] In contrast, however, where a party joins a claim which is appropriate for a three-judge court with an independent claim properly triable before a single judge, the Supreme Court has held that the three-judge court lacks jurisdiction over the independent claim.[25]

This Court concludes, therefore, that the claims regarding the constitutionality of the challenged state statutes should be severed from those involving the municipal ordinances. A three-judge court should be convened to consider the for-

20. See, e.g., Moody v. Flowers, 387 U.S. 97, 87 S.Ct. 1544, 18 L.Ed.2d 643 (1966); Griffin v. School Board, 377 U.S. 218, 227–228, 84 S.Ct. 1226, 12 L.Ed.2d 256 (1963); Rorick v. Board of Commissioners, 307 U.S. 208, 59 S.Ct. 808, 83 L.Ed. 1242 (1939); Ex parte Collins, 277 U.S. 565, 48 S.Ct. 585, 72 L.Ed. 990 (1928).

21. See, e.g., Moody v. Flowers, 387 U.S. 97, 101, 87 S.Ct. 1544, 18 L.Ed.2d 643 (1966); Rorick v. Board of Commissioners, 307 U.S. 208, 59 S.Ct. 808, 83 L.Ed. 1242 (1939); Ex parte Collins, 277 U.S. 565, 568, 48 S.Ct. 585, 72 L.Ed. 990 (1928).

22. Spielman Motor Sales Co. v. Dodge, 295 U.S. 89, 55 S.Ct. 678, 79 L.Ed. 1322 (1935); Briggs v. Elliott, 98 F.Supp. 529 (S.C.1951).

23. See F.R.Civ.Proc. 18(a), 20(a).

24. Florida Lime & Avocado Growers, Inc. v. Jacobsen, 362 U.S. 73, 80 S.Ct. 568, 4 L.Ed.2d 568 (1960); Parker v. Brown, 317 U.S. 341, 63 S.Ct. 307, 87 L.Ed. 315 (1943); Sterling v. Constantin, 287 U.S. 378, 393, 53 S.Ct. 190, 77 L.Ed. 375 (1932); Louisville & Nashville R.R. Co. v. Garrett, 231 U.S. 298, 34 S.Ct. 48, 58 L.Ed. 229 (1913).

25. Powell v. United States, 300 U.S. 276, 289–290, 57 S.Ct. 470, 81 L.Ed. 643 (1932); New York Central Securities Corp. v. United States, 287 U.S. 12, 53 S.Ct. 45, 77 L.Ed. 1178 (1932); Pittsburg & West Virginia Ry. Co. v. United States, 281 U.S. 479, 488, 50 S.Ct. 378, 74 L.Ed. 980 (1930).

mer claims, while the latter shall be tried separately by a single judge.

### Abstention

The defendants assert that federal abstention is applicable to the instant proceeding and should be utilized to allow the state courts an opportunity to adjudicate the areas within their particular competence.

It is true that the doctrine of federal abstention has been applied in situations which are analogous to this.[26] The application of this doctrine has been based on deference to the interest and sovereignty of the states and on the reluctance of the federal courts to adjudicate constitutional questions prematurely when state courts might adopt a statutory construction which would avoid or modify the constitutional issues.[27] Recent authorities, however, indicate the doctrine may not be applicable in situations such as is depicted in instant complaint.[28]

Nevertheless, it is unnecessary to decide this question at the present time. The doctrine of abstention does not go to the jurisdiction of the court; it is essentially a matter of discretion. This question is beyond the scope of the present inquiry, i. e., the appropriateness of a three-judge proceeding to consider the constitutionality of the challenged state statutes and, therefore, the question of abstention is premature.

For the foregoing reasons, defendants' motions to dismiss are denied. A three-judge court will be convened to consider the constitutionality of the challenged state statutes. The issue of the alleged unconstitutional application of the state statutes by the defendants to the plaintiffs will be held in abeyance pending a determination of the threshold question of constitutionality. Similarly, the question of the constitutionality of the challenged ordinances will be considered initially by the Court and the issue of the alleged unconstitutional application thereof to plaintiffs held in abeyance. Appropriate orders will be entered.

---

**26.** See, e.g., Cleary v. Bolger, 371 U.S. 392, 83 S.Ct. 385, 9 L.Ed.2d 390 (1962); Pugach v. Dollinger, 365 U.S. 458, 81 S. Ct. 650, 5 L.Ed.2d 678 (1960), affirming 277 F.2d 739 (2 Cir.); Douglas v. City of Jeannette, 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324 (1942).

**27.** See cases note 26 supra.

**28.** See Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965); Zwickler v. Koota, 389 U.S. 241, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967); Carmichael v. Allen, 267 F.Supp. 985 (1967).